UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELDMAN'S MEDICAL CENTER PHARMACY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-MC-00068-RET-DLD** |
| **CAREFIRST, INC.** | **District of Maryland - Civil Action 10-cv-0254-WDQ** |

## ORDER

This matter is before the court on a referral from the district court of Louisiana Health Service and Indemnity Company d/b/a/ Blue Cross and Blue Shield of Louisiana's ("BCBSLA") motion to quash the August 24, 2010, deposition of Kandyce Cowart, a non-party and employee of Blue Cross. (rec. doc. 1) On August 23, 2010, this court suspended the deposition pending a ruling on the motion to quash. The motion is opposed (rec. doc. 4).

### *Background*

Plaintiff and defendant are involved in a lawsuit filed in Maryland and removed to the United States District Court for the District of Maryland on the basis of federal question jurisdiction.[1] At issue in that lawsuit is whether or not the contract between plaintiff and defendant includes reimbursement for "Factor," a blood-clotting substance used in the treatment of hemophilia, and supplied to defendant's members.

---

[1] Defendant asserts that one of plaintiff's claims is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

***The Motion to Quash***

On August 20, 2010, non-party BCBSLA[2] filed the instant motion to quash the August 24, 2010, deposition of its employee. BCBSLA stated that when it originally agreed to the deposition *duces tecum* of Cowart, it was in connection with an Iowa suit, and included a smaller document request. When the deposition was reset due to a conflict, BCBSLA learned that the deposition was now for the Maryland action and included a much more extensive document request. BCBSLA requested more time for the document production related to this deposition due to its burdensome nature, and asked that the deposition be rescheduled to accommodate same. Plaintiff refused the request to reschedule the deposition, but instead insisted that the deposition go forward as planned, and that another deposition could be held once the document production was complete. (rec. doc. 1-1, pg 2) BCBSLA also raised a concern considering the lack of a protective order yet in place for the documents it will produce.[3]

In its opposition to the motion to quash, plaintiff argues that simply filing a motion to quash does not stay the deposition, but plaintiff does not offer any arguments as to why the deposition cannot be rescheduled to allow a full document production.

## ***DISCUSSION AND ANALYSIS***

Federal Rules of Civil Procedure Rule 26(c)(1) (D) (forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters) is relevant to

---

[2] Defendant is referred to on the Maryland docket as "CareFirst Blue Cross Blue Shield," which is a separate entity from BCBSLA, although they share corporate counsel.

[3] BCBSLA also argues that no agreement was reached as to payment for the cost of the document production; however, plaintiff's opposition indicates that it is willing to pay the cost of producing the documents; thus, that issue is now moot.

-2-

Cowart's deposition, and the court has broad discretion in resolving discovery issues, including discretion to permit or deny discovery. A review of the discovery request attached to the original subpoena[4] indicates that plaintiff seeks documents relating to no less than sixteen (16) different entities and two (2) federal agencies, which is a substantial discovery request. Moreover, a review of the docket in the underlying action indicates that defendant has advised the Maryland court that it is willing to pay the claims at issue in the lawsuit and has filed a request for a conference in that court, seeking a stay of discovery as the only remaining issues will be the proper amount of interest on the claims and the question of attorneys' fees,[5] issues which do not involve BCBSLA. Further, the court notes that the discovery deadline is October 26, 2010, and a settlement conference has been set for September 21, 2010.[6] Thus, there is no urgency to the scheduling of this deposition, especially as it would be held without the benefit of a complete document production, and would require the setting of another deposition at additional cost to everyone. Therefore, in light of the pending request before the Maryland court regarding a stay of discovery, along with the impending settlement conference and plaintiff's failure to articulate grounds against quashing this deposition, this court will grant the motion.

Accordingly,

**IT IS ORDERED** that the motion to quash (rec. doc. 1) is **GRANTED** as follows:

---

[4] The only subpoena provided by either plaintiff or BCBSLA is one for August 5, 2010. The court assumes that the subpoena at issue in this lawsuit is identical to that one, and the error was simply an oversight.

[5] Rec. doc. 74, District of Maryland - Civil Action 10-cv-00254-WDQ.

[6] Rec. doc. 69, District of Maryland - Civil Action 10-cv-00254-WDQ.

1. The deposition of Cowart may be reset to occur after September 21, 2010, if no stay of discovery is granted by the Maryland court, and provided that an appropriate protective order is in place for the documents produced by BCBSLA and/or Cowart.

Signed in Baton Rouge, Louisiana, on August 24, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**